*STATE EX REL. NEWS PUB. CO. v. PIKE COUNTY (COMRS.).

STATE EX REL. JOHNSON v. SAME.

1. SUFFICIENT ITEMIZING OF COMMISSIONERS ANNUAL REPORTS.

The provision of Rev. Stat. 917 (Lan. 2193), requiring county commissioners to make an annual report "itemized as to amount," does not necessitate the statement of expenditures with the explicitness of an account, but permits the entering, as one transaction, of the aggregate sum of items, when such report shows said aggregate sum to have been paid out in a single payment to the same person for a specified purpose. For example, under the heading, "stationery and supplies for county officers," the report showing that distinct items were purchased for the use of the probate judge which were paid out in a single sum to B. Bros., is a sufficient compliance with the statute. The various subheads in the report, such as "allowance to counsel," "allowance to justices and mayors," "insurance," sufficiently describe the purpose of such several expenditures. Walters, J., dissents.

2. TURNPIKE DIRECTORS' REPORTS DO NOT REQUIRE PARTICULARITY OF STATEMENT REQUIRED OF COUNTY COMMISSIONERS.

Turnpike directors' reports of receipts and expenses made in conformity to Rev. Stat. 4898 (Lan. 8371), attached to county commissioners' reports need not be set forth with the particularity of statement required by Rev. Stat. 917 (Lan. 2193).

[Syllabus approved by the court.]

DEMURRER TO ANSWER.

Relators filed their separate petitions in the circuit court of Pike county, Ohio, alleging that the board of commissioners of Pike county had failed and refused to file a detailed report of their financial transactions for the year ending August 31, 1907, itemized as to amount, for what purpose and to whom paid, as they are required to do by statute; that the report already filed by them was so condensed as to defeat the object of the statute requiring such report.

The commissioners answered, setting up four defenses, viz.:

1. That relators had no legal capacity to sue, not being officers, but private individuals.

2. That there was a defect of parties defendant, because the board of turnpike directors were not made parties defendant.

3. A denial of the material allegations of the petitions, consisting of legal conclusions merely.

4. Alleging that they had already fully complied with the law,

*See State v. Sollars, 19 Dec. 000.

State v. Commissioners.

:and had filed the required report, and that in making same they had followed the form prescribed by the bureau of inspection and supervision of public offices.

To this answer was attached a copy of the report of said commissioners; also a copy of their report as turnpike directors; also a copy of the form prescribed by said bureau of inspection, July 25, 1905.

**Dougherty & Moore,** for plaintiff:

Cited and commented upon the following authorities: *State* v. *Lewis,* 12 Dec. 46; *State* v. *Preble Co. (Comrs.)* 6 Dec. 268. (4 N. P. 177); *State* v. *Fayette Co. (Comrs.)* 12 Circ. Dec. 316 (22 R. 433); *State* v. *Washington Co. (Comrs.)* 56 Ohio St. 631 [47 N. E. Rep. 565].

**C. M. Caldwell** and **Eylar & Douglas,** for defendant:

Cited and commented upon the following authorities: *State* v. *Murphy,* 2 Circ. Dec. 190 (3 R. 332); *State* v. *Preble Co. (Comrs.)* 6 Dec. 228 (4 N. P. 180); *State* v. *Columbus (Bd. of Ed.),* 35 Ohio St. 368; *State* v. *Preble Co. (Comrs.)* 6 Dec. 268 (4 N. P. 177); *State* v. *Nash,* 66 Ohio St. 612 [64 N. E. Rep. 558]; *State* v. *Fayette Co. (Comrs.)* 12 Circ. Dec. 316 (22 R. 433); *State* v. *Washington Co. (Comrs.)* 56 Ohio St. 631 [47 N. E. Rep. 565]; *Neil* v. *Agricultural & Mech. College (Tr.),* 31 Ohio St. 15; *Lewis* v. *Laylin,* 46 Ohio St. 663 [23 N. E. Rep. 288]; *Freon* v. *Carriage Co.* 42 Ohio St. 30 [51 Am. Rep. 794]; *State* v. *Wilson,* 123 Ala. 259 [26 So. Rep. 482; 45 L. R. A. 772].

.JONES, J.

The relator seeks a peremptory writ of mandamus to compel the defendant to publish a fuller and more complete report of their financial transactions during the year preceding the third Monday of September, 1907. He states that he is the owner and publisher of a newspaper, and by proper allegations in his petition, establishes his right to publish the report in question.

Defendants answer, the answer containing four defenses. The fourth defense attaches a copy of the report to the pleading.

Without stating specific reasons therefor, the court will content itself by saying that the demurrer to the first, second and third defenses respectively, is sustained.

The fourth defense, having the copy of the report attached, however, is considered upon its merits, the sole question being whether the commissioners have complied with the law in publishing their report.

Pike County.

Objections have been urged by counsel for the relator, because the report has grouped under various heads and subheads the amounts, thereby showing for what purpose they were expended. We think that, by this means, the report is a substantial compliance with the statute, and that a reference to such heads and subheads will sufficiently show the purpose of the several expenditures. Especial objection is made, for instance, to the items under the subheads "allowance to counsel" and "allowance to justices and mayors," etc. The item "allowance" so used, is information to the effect that they were statutory allowances, and more specific terms were not absolutely necessary. Other items appear showing various amounts were paid out under the head of "insurance." We do not think it necessary that the report show upon what property the insurance was effected; neither under the head "boarding in county jail," do we think it necessary to state explicitly what prisoners were fed. In such and other similar items the report shows substantially the purpose of the expenditures, and that is all the statute requires.

Upon the question, however, of what constitutes "a detailed report in writing, itemized as to amount, to whom paid, and for what purpose," the members of this court are not in full accord. It is contended by counsel for relator that, under a proper construction of Rev. Stat. 917 (Lan. 2193), that the amounts shown to have been paid out must be itemized and that instead of the aggregate sum allowed and paid out, the report should show upon its face the several distinct items composing the aggregate sum. For example, under the heading of "stationery and supplies for county officers," various expenditures appear showing an aggregate sum paid out to Barrett Bros., for the use of the probate judge, and others paid out for the use of the other county officials. It is insisted that the report show the various items of stationery and supplies; that the statute now requires this to be done with the explicitness of an account. This is but one instance of the character of the report. An inspection of the report shows, that if these aggregate sums found throughout were so itemized, the report would be greatly lengthened.

The majority of the court are unable to concur in this view. Neither does the strict reading of Rev. Stat. 917 (Lan. 2193), nor a proper construction of that section require the minute itemizing of each bill passed on, allowed and paid out, when paid to a single person. In the first place Rev. Stat. 917 (Lan. 2193) merely requires a report of the "financial transactions" of the commissioners. Revised Statutes 850 (Lan. 2109), provides for the keeping of a record by the

county commissioners of their proceedings, which record shall be re-
ceived as evidence in every court in the state. By that section the
"financial transactions" mentioned in Rev. Stat. 917 (Lan. 2193), are·
entered on that journal. And in the instance mentioned, where the·
board audits the itemized bill of Barrett Bros., for stationery and sup-
plies furnished the probate judge, and allows the bill in the aggre-
gate, the act is but one "transaction;" and the allowance of the aggre-
gate sum is all that is necessary to be placed on its journal.

Again, the strict reading of Rev. Stat. 917 (Lan. 2193), does not
require the amount to be itemized if paid to a single person. The word¹
"itemized" modifies the word "report," just preceding. The statute·
requires the report to be itemized in three particulars—amount, to·
whom paid, and, for what purpose. In other words the natural read--
ing of this section requires the report to be itemized: first, as to amount
paid; second, to whom paid; third, for what purpose.

In construing this statute before its amendment, as to what con-
stitutes a "detailed report," Judge Bradbury, in *State* v. *Washington·
Co. (Comrs.)* 56 Ohio St. 631, 646 [47 N. E. Rep. 565], uses this preg-
nant language:

"It is, of course, within the power of the general assembly to re-
quire such minuteness as this in the report made by the commission-
ers, but unless the language chosen by that body imperatively demands.
such construction, the section should not, in our opinion, be so con--
strued."

Judge Newby, of the Fayette common pleas, in construing this:
feature of the section in *State* v. *Sollars,* 19 Dec. 000, held the same·
view, for he says:

"I do not think this contention well founded, provided the aggre-
gate amount was paid for a single purpose, for the statute goes no·
farther than to require that the name of the person receiving the·
money, the amount paid, and the purpose for which paid be stated, and
does not require the dates and amounts of several payments to one·
person for a single purpose to be given, but permits the several pay-
ments to be stated in the aggregate, because by such a statement, the
public are advised as to the amount paid, the name of the person to·
whom paid, and the purpose for which paid, and the detail contended
for is not necessary to serve any purpose of the statute."

Attached to the commissioners' report is the turnpike directors'·
report of receipts and expenses made in conformity to Rev. Stat. 4898
(Lan. 8371).

We all agree that the latter section governs the preparation of·

such turnpike directors' report, and that the particularity of statement required by Rev. Stat. 917 (Lan. 2193), does not apply thereto. This section was not amended, as was Rev. Stat. 917 (Lan. 2193), and the construction adopted by the Supreme Court in *State* v. *Washington Co.* (*Comrs.*) *supra,* applies thereto.

Finding that there has been a substantial compliance with the statutes, the demurrer to the fourth defense will be overruled, the prayer for a peremptory writ of mandamus refused, and the petition dismissed.

**Cherrington, J.,** concurs.

**WALTERS, J.,** dissenting.

I differ from my associates as to the construction or, rather, meaning of the language employed in Rev. Stat. 917 (Lan. 2193), as amended.

It seems to me the added words placed in this section by the amendment need no construction; that when it says the commissioners shall make a detailed report of their financial transactions "itemized as to amount," there is excluded by this language from the report any lump sum, which has contained therein several items. That the amount shall be itemized—"itemized as to amount." If this is not what these words mean, then the statute has not been changed at all from its former language before amendment, and a detailed report as provided in the old statute is all that is necessary now; but if that detailed report is to be "itemized as to amount," it excludes from the report any amount as a lump sum, which contains more than one item.

The legislature can provide that all these items shall be set out, as the Supreme Court in *State* v. *Washington Co.* (*Comrs.*) *supra,* say, but unless it does so in such clear and unmistakable language, that a court, without judicially legislating, find and decide that it does mean such detail and itemizing, it will not so construe it; but if the language employed is so clear and plain that it needs no construction, and means what the words clearly interpret, this effect should be given to such language.